UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IFEDOO NOBLE ENIGWE, | ) | CASE NO. 4:06 CV 1578 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | <u>ORDER</u> |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is pro se plaintiff Ifedoo Noble Enigwe's Motion for Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. On August 11, 2006, this court issued a Memorandum of Opinion dismissing the civil complaint Mr. Enigwe filed pursuant to the Federal Torts Claims Act (FTCA), 28 U.S.C. § 2671. In his complaint, he asserted that the United States was liable for damages after he was "negligently" injected with a needle by an MRI nurse in 2003 and later discovered he "could be exposed to future diseases." The action was dismissed pursuant to 28 U.S.C. § 1915A.

In the Sixth Circuit a motion for reconsideration is construed as a Federal Civil Rule 59(e) Motion to Alter or Amend Judgment. <u>Moody v. Pepsi-Cola Metro. Bottling Co.</u>, 915 F.2d 201, 206 (6th Cir. 1990). As such, plaintiff was required to file his motion within 10 days from the August 11, 2006 date of judgment he seeks to alter. FED. R. CIV. P. 59(e). Considering the fact that Mr. Enigwe's motion was filed on August 17, 2006, he is within the 10 day deadline from this court's judgment.

Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999)(citations omitted). In his present motion, Mr. Enigwe claims that the court did not consider the fact that when he was injected by the MRI nurse on November 19, 2003, the "needle pokes which physically penetrated Plaintiff's body, having been applied wrong, caused abrasions on Plaintiff's arms, and his arms were swollen for a couple of weeks before they started coming down – all along, Plaintiff being in pain. Those were definitely 'physical injury' [sic] as was envisioned by the Supreme Court in Norfolk & Western R.Co. v. Ayers, 155 L.Ed 2d 261 (2003)." (Mot. Recon. at 1.)

The crucial fact that Mr. Enigwe ignores, however, is that the Administrative Tort Claim he filed with the Department of Justice (DOJ) on June 6, 2006, based on his injury in 2003, was rejected as untimely on June 13, 2006. When he filed his complaint in this court, he attempted to argue that his claim was not, in fact, untimely. He claimed that it was not until he read a pamphlet on November 9, 2005, explaining that he could be exposed to diseases in the future, that his claim actually accrued. This court then analyzed his complaint based on whether Mr. Enigwe could successfully argue that he qualified for a 'diligence-discovery' exception to the two year statute of limitations for federal tort claims. The fact that Mr. Enigwe now asserts that this court should have considered the physical injury he suffered on November 19, 2003, totally disregards his argument that November 9, 2005 was the 'date of injury' for statute of limitations purposes. If the court accepts the assertions in his motion to reconsider, this action would be barred by the statute of limitations. This obviously would not resurrect his underlying complaint.

Moreover, it is not a basis upon which this court would alter or amend its judgment.

For the reasons set forth above, the plaintiff has failed to set forth a basis upon which this court should alter or amend its judgment of August 11, 2006. Accordingly, the plaintiff's Motion for Reconsideration is **denied.**

IT IS SO ORDERED.


Dated: September 6, 2006        *s/ James S. Gwin*
                   JAMES S. GWIN
                   UNITED STATES DISTRICT JUDGE