UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IFEDOO NOBLE ENIGWE, | ) | CASE NO. 4:06 CV 1578 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Before the court is pro se petitioner Ifedoo Enigwe's Motion for Clarification [Dkt.# 7], wherein he seeks "clarification" of this court's September 9, 2006 order denying his Motion for Reconsideration. In essence, however, Mr. Enigwe is asking the court to reconsider the basis upon which it denied his Motion for Reconsideration.

Just as Federal Civil Rule 59(e) motions are aimed at reconsideration, not initial consideration, Mr. Enigwe cannot use a motion for clarification to ask the court to further analyze arguments which could, and should, have been made before the original judgment was issued. See Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)(quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992)). While he claims that he provided this court with "clarification" of his injury-in-fact when he filed his Motion for Reconsideration, he actually presented a different fact pattern than what he outlined in his

original petitioner. Thus, his attempt to challenge this court's refusal to entertain issues that he belatedly raised in his Motion for Reconsideration does not set forth a basis upon which he can now seek "clarification." Therefore, this court cannot analyze his present claims inasmuch as they are beyond the scope of his original petition. Accordingly, petitioner's Motion for Clarification is denied.

    IT IS SO ORDERED.


Dated: October 7, 2006            *s/ James S. Gwin*
                      JAMES S. GWIN
                      UNITED STATES DISTRICT JUDGE